IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ARMANDO GARZA, JR. | § | |
| | § | |
| | § | |
| VS. | § | CIVIL NO. 24-00018 |
| | § | |
| WALMART STORES TEXAS, LLC, | § | |
| WALMART, INC and CROSSCOM | § | |
| NATIONAL, LLC | § | |

**PLAINTIFF'S FIRST AMENDED PETITION AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT**:

COMES NOW, **ARMANDO GARZA, JR.**, Plaintiff (hereinafter "Plaintiff"), in the above entitled and numbered cause, and files this First Amended Petition and Jury Demand, complaining of and against **WALMART STORES TEXAS, LLC.**, **WALMART, INC**, and **CROSSCOM NATIONAL, LLC**, (collectively, referred to as "Defendants") and would respectfully show unto the Honorable Court and Jury the following:

**I.**
**PARTIES**

1. Plaintiff, ARMANDO GARZA, JR., is an individual residing in Pearland, Texas.

2. Defendant, WALMART STORES TEXAS, LLC., (hereinafter "Walmart Texas"), is a Foreign Limited Liability Corporation conducting business in Galveston County, Texas and may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever they may be found.

3. Defendant, WAL-MART STORES, INC., (hereinafter, "Walmart"), is a Foreign For-Profit Corporation conducting business in Galveston County, Texas and may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever they may be found.

4. Defendant, CROSSCOM NATIONAL, LLC, (hereinafter, "Crosscom"), is a Foreign Limited Liability Company conducting business in Galveston County, Houston, Texas and may be served with process through its registered agent, National Registered Agents, Inc., at 160 Greentree Drive, Suite 101, Dover, Kent, DE 19904.

5. Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name "Crosscom" with regard to the events described in this Petition. Plaintiff expressly invokes his right under Texas Rules of Civil Procedure Rule 28 to have the true name of this party substituted at a later time upon a motion or the Court's own motion.

## II.
## DISCOVERY

6. Pursuant to the Texas Rule of Civil Procedure 190.3, Plaintiff requests a Level 2 Discovery Control Plan.

## III.
## VENUE AND JURISDICTION

7. Venue for this case is proper in Galveston County, Texas, pursuant to §15.002(a)(1) of the Texas Civil Practice and Remedies Code in that Galveston County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

8. The Court has original jurisdiction over this civil action because Plaintiff seeks damages in an amount exceeding the Court's minimum jurisdictional limits. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000. Plaintiff reserves the right to amend this declaration as the facts of this case are more thoroughly discovered.

## IV.
## FACTS

9. On or around February 7, 2023, Plaintiff was seriously injured while he was employed with Defendant Crosscom and working at Defendant Walmart Texas's store located at 255 FM 518 Kemah, Texas 77565. Defendants contracted Plaintiff's employer, Crosscom, to complete a job at the premises. Plaintiff was climbing a ladder and when reaching the top of the ladder, it began to slip due to the flooring of the automotive department. Plaintiff fell forward 15 feet and to the ground. As a result of the Walmart Defendants' neglect of their premises and Defendant Crosscom's failure to implement safety procedures and policies, Plaintiff has suffered significant injuries and damages.

## V.
## CAUSES OF ACTION

### NEGLIGENCE AGAINST DEFENDANT WALMART AND DEFENDANT WALMART TEXAS

10. The incident made the basis of this lawsuit resulted from the improper conduct of Walmart Defendants, which proximately caused the injuries and damages to Plaintiff. Walmart Defendants owed Plaintiff a duty of reasonable care and breached this duty, among other negligent conduct and not limited to the following:

   a. In failing to properly train Plaintiff as to avoid injury;

b. In failing to provide Plaintiff with the proper safety equipment;

c. In failing to provide Plaintiff with proper medical care after being injured during work hours; and

d. In failing to exercise reasonable and ordinary care towards Plaintiff.

11. Each of these acts and/or omissions above, whether taken singularly or in any combination, constitutes negligence. The Walmart Defendants' negligence proximately caused injury and damages to Plaintiff, which Plaintiff will continue to suffer in the future and for the remainder of his natural life

## NEGLIGENCE AGAINST DEFENDANT CROSSCOM

12. Defendant Crosscom, as the Plaintiff's employer, failed to exercise reasonable care in ensuring the safety of Plaintiff, which proximately caused the injuries and damages. Defendant Crosscom owed Plaintiff a duty of reasonable care and breached this duty, *inter alia*, other negligent conduct and not limited to the following:

   a. Failure to properly train Plaintiff as to avoid injury;

   b. Failure to provide Plaintiff with the proper safety equipment;

   c. In failing to provide Plaintiff with proper medical care after being injured during work hours;

   d. Failure to exercise reasonable and ordinary care towards Plaintiff;

   e. Failure to use ordinary care in providing a reasonably safe workspace;

   f. Failure to use ordinary care in establishing rules and regulations for an employee's safety when the business is complex or hazardous or when the dangers incident to the work are not obvious or of common knowledge;

   g. Failure to warn employee of hazards of employment;

      h. Failure to furnish reasonably safe machinery or instrumentalities; and

      i. Failure in supervising an employee's activities.

13. Each of these acts and/or omissions above, whether taken singularly or in any combination, constitutes negligence. Defendant Crosscom's negligence proximately caused injury and damages to Plaintiff, which Plaintiff will continue to suffer in the future and for the remainder of his natural life

## VI.
## DAMAGES

14. As a result of the occurrence that forms the basis of this lawsuit, as detailed above, and as a direct and proximate result of Defendants' negligence, Plaintiff has suffered serious injuries, will likely sustain additional damages in the future and is entitled to recover:

    a. Past medical bills and expenses incurred as a proximate result of the accident that forms the basis of this lawsuit;

    b. Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the accident that forms the basis of this lawsuit;

    c. Mental anguish, physical pain and suffering, and loss of enjoyment of life in the past and in the future;

    d. Pre-judgment and post-judgment interest; and

    e. Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

## VII.
## JURY DEMAND

15. Plaintiff requests a jury for all issues presented herein and the appropriate jury fee has been paid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants answer the allegations herein, and upon trial thereof, Plaintiff have and recover judgment against Defendants for all damages and injuries suffered and incurred, for pre-judgment interest, for interest on the judgment, for court costs, for attorney's fees, and for such further relief, both in law or equity, that this Court establishes Plaintiff is entitled to.

        Respectfully submitted,

        **ROBERTS MARKLAND LLP**

        */s/ Anjali Sharma*
        R. Clive Markland
        State Bar No. 24027475
        Anjali Sharma
        State Bar No. 24094403
        2555 N. MacGregor Way
        Houston, Texas 77004
        Telephone: (713) 630-0900
        Facsimile: (713) 630-0991
        Email: cm@robertsmarkland.com
        Email: as@robertsmarkland.com

        **ATTORNEYS FOR PLAINTIFF**

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the designation of electronic service email address for the above attorney(s) for all electronically served documents and notices, filed and unfiled pursuant to Tex. R. Civ. P. 21(f)(2) and 21(a): eservice@robertsmarkland.com. This is the ONLY electronic service email address for the above attorney(s), and service through any other email address will be considered invalid.